```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>CLARIBEL RODRÍGUEZ-CANCHANI [3], *et al.*,<br><br>**Defendants.** | **Criminal No. 19-710** (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Defendant Claribel Rodríguez-Canchani ("Rodríguez) moves for severance. (Docket No. 164.) Defendant Ramón Martes-Negrón ("Martes") and Rodríguez also move to compel the disclosure of statements by indicted and unindicted coconspirators. (Docket Nos. 168 & 184.) For the reasons set forth below, the motions are **DENIED**.

**I.   Background**

Defendant Abel Nazario-Quiñones is the former, four-term mayor of Yauco, Puerto Rico. (Docket No. 3 at p. 1.) He held this position from 2000 to 2016. Id. During his administration, Rodríguez served as the Director of Human Resources for the Municipality of Yauco. Id. at p. 2. Defendant Edwin Torres-Guitérrez ("Torres") is the former Special Assistant to the Mayor. Id. Nazario won a seat in the Puerto Rico Legislative Assembly as

a Senator at Large in 2016.  Id. at p. 1; see P.R. Const. Art. III § 3.

Nazario, Torres, and Rodríguez purportedly misappropriated government funds to pay "irregular employees" for "work on [Nazario's] senatorial campaign," and for assisting "party politicians whose support [he needed] to win the senatorial election."  Id. at p. 3.  These "ghost" employees allegedly received compensation "based on false or no documentation to support the payment of wages [*e.g.* fabricated attendance sheets]." Id. at p. 5.  The ghost employees include defendants Martes, Humberto Pagán-Sánchez ("Pagán"), Kelvin Ortiz-Vegarra ("Ortiz"), Juan Rosario-Núñez ("Rosario"), and Eric Rondón-Rodríguez ("Rondón").  Id.[1]

On November 1, 2019, a grand jury returned a one-count indictment charging Nazario, Torres, Rodríguez, and the ghost employees with theft of federal funds in violation of 18 U.S.C. section 666(a)(1)(A).  (Docket No. 3.)  Rodríguez requests severance "from Mr. Nazario's trial in the instant case."  (Docket No. 164 at p. 9.)  She also moves "for an order compelling the government to disclose any and all statements made by any alleged unindicted or indicted co-conspirator."  (Docket No. 168.)  Martes joined the motion.  (Docket No. 184.)

---

[1] Rondón pled guilty on April 23, 2021.  (Docket No. 127.)  His sentencing hearing is set for October 22, 2021.  (Docket No. 191.)

## II. The Motion for Severance

The motion for severance sets forth two arguments, both grounded on the threat of evidentiary "spillover."  (Docket No. 164.)  First, Rodríguez contends that severance is required to mitigate the disproportional allegations between Nazario and Rodríguez.  Id.  Second, she argues that the admission of Nazario's prior bad acts will confuse the jury.  Id.

### A. Federal Rule of Criminal Procedure 14

"As a rule, persons who are indicted together should be tried together."  United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993).[2]  Joint trials prevent inconsistent verdicts and conserve judicial resources.  Id.; Zafiro v. United States, 506 U.S. 534, 537 (1993) (noting that joint trials "promote efficiency and serve the interest of justice by avoiding the scandal and inequality of inconsistent verdicts.").  This preference "is especially strong for coconspirators who are indicted together."  United States v. Jett, 908 F.3d 252, 276 (7th Cir. 2018); see United States v. Colón-Miranda, 985 F. Supp. 36, 39 (D.P.R. 1997) (Fusté, J.).

The Court may, however, sever the trial of a defendant if "joinder [. . .] appears to prejudice" the United States or the

---

[2] Rule 8(b) of the Federal Rules of Criminal Procedure provides: "The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count."  Fed. R. Crim. P. 8(b).

defendant.  Fed. R. Crim. P. 14(a).  Severance is a preemptive measure, intended to reduce the "serious risk that a joint trial [will] compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro, 506 U.S. at 638.

To prevail, Rodríguez "must prove prejudice so pervasive that a miscarriage of justice looms."  Id. (quoting United States v. Pierro, 32 F.3d 661, 615 (1st Cir. 1994)); United States v. Tejada, 481 F.3d 44, 55 (1st Cir. 2007) ("Prejudice means more than just a better chance of acquittal at a separate trial.") (quotation omitted).  The Rule 14 standard places a "heavy burden" on Rodríguez.  United States v. Maravilla, 907 F.2d 216, 228 (1st Cir. 1990); United States v. Guitiérrez-Rodríguez, 480 F. Supp. 3d 380, 383 (D.P.R. 2020) ("A request for severance based on spillover prejudice requires a defendant to overcome a high threshold.") (Besosa, J.).

Courts possess "considerable latitude" regarding severance motions, and "will be overturned only if that wide discretion is plainly abused."  United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993) (citation omitted).  "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."  Zafiro, 506 U.S. at 539; see United States v. Baltas, 236 F.3d 27, 34 (1st Cir. 2001) (holding that a limiting

instruction provides adequate safeguard against evidentiary spillover prejudice).

### 1. Spillover Evidence

In joint trials, the risk of "'spillover' may arise where evidence that is not admissible or should not be considered against one defendant on his or her own is admitted against a co-defendant." United States v. Cancel-Lorenzana, 28 F. Supp. 3d 138, 140 (D.P.R. 2014) (Besosa, J.); United States v. Gilbert, 92 F. Supp. 2d 1, 10 (D. Mass. 2000) ("Severance is appropriate when the evidence that would be presented at one trial would be inadmissible at a second trial.") (citing United States v. Diallo, 29 F.3d 23, 28 (1st Cir. 1994)). Prejudice resulting from spillover evidence is a possible basis for severance pursuant to Federal Rule of Criminal Procedure 14(a) ("Rule 15"). See, e.g., United States v. Mardian, 546 F.2d 973 (D.C. Cir. 1976) (overturning the conviction of a defendant who had been tried jointly with three principal members of the Watergate conspiracy, all of whom played much more substantial roles in the crime over longer periods of time); United States v. Kelly, 349 F.2d 720, 759 (2nd Cir. 1965) (holding that the district court erred in failing to sever the trial of three co-defendants, only two of whom "must have stamped in the eyes of the jurors as unscrupulous swindlers of the first rank").

Spillover evidence also refers to the "threat" that defendants "charged with only a minor role" will be "assess[ed]" according to the "extensive" evidence against other defendants. United States v. De La Paz-Rentas, 613 F.3d 18, 23 (1st Cir. 2010). "Because of the natural tendency to infer guilt by association, a defendant may suffer by being joined with another allegedly 'bad man.'" King v. United States, 355 F.2d 700, 704 (1st Cir. 1966). Severance need not occur, however, "[e]ven where large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement in an overall agreement is far less than the involvement of others." United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990). A codefendant who is "unattractive to the jury" is generally not sufficient to warrant severance. 1A Charles Alan Wright *et al.*, Fed. Prac. & Proc. Crim. § 225 (5th ed. 2020); United States v. DeCologero, 530 F.3d 36, 53 (1st Cir. 2008) (holding that the "unsavoriness of one's codefendant (including past criminal conduct) is not enough, by itself, to mandate severance").

**B. The Motion for Severance is Premature**

According to the motion for severance, the "scant allegation and evidence as to Mrs. Rodríguez-Canchani is overshadowed by the evidence for Mr. Nazario." (Docket No. 164 at p. 5.) This argument is unavailing. The number of allegations in an indictment is irrelevant to the Rule 14 analysis. Indeed, the United States

"need not recite all of its evidence in the indictment." United States v. Keleher, 505 F. Supp. 3d 41, 46 (D.P.R. 2020) (quoting United States v. Stephanets, 879 F.3d 367, 372 (1st Cir 2018)) (Besosa, J.).

Severance is appropriate when there is a stark disparity between the charges, quantity, and strength of the evidence among the defendants. See United States v. Sampol, 636 F.2d 621, 647 (1st Cir. 1980) (holding that district court erred in failing to sever a three-defendant trial where two defendants, but not the third, were charged with the bombing murder of two victims because "[i]n cases when there is a gross disparity in the quantity and venality of the testimony against the respective joint defendants it is fair to inquire whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility.") Only pervasive prejudice will sustain a motion for severance. United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1994) (holding that a co-defendant's "unsavory" testimony did not "prejudice appellant above and beyond the quantum of prejudice that typifies virtually any multi-defendant trial – and that sort of prejudice clearly does not justify a severance"); United States v. Sotomayor-Vázquez, 249 F.3d 1, 12 (1st Cir. 2001) (holding that a defendant's fabrication and recantation was not so pervasively prejudicial that limiting instructions could not "account for the unusual

situation; instructions that we must presume were heeded by the jury").

Nazario and Rodríguez are each charged with committing theft of federal funds in violation of 18 U.S.C. section 666(a)(2) and 18 U.S.C. § 666(a)(1)(B).  (Docket No. 3.)  According to the indictment, Rodríguez "ordered at least one employee of the Human Resources Department to assist her in creating false time and attendance records."  Id. at p. 5.  She then "manipulated the falsely created time and attendance sheets in such a way as to make them appear old."  Id.  The criminal acts allegedly committed by Rodríguez are not innocuous, nor are they tangential to the overall scheme.  There is no basis to conclude that a severance is warranted to ensure that Rodríguez receives a fair trial.  This is particularly so because any risk of unfair prejudice may be attenuated by a limiting instruction.  See United States v. Richardson, 515 F.3d 74, 83 (1st Cir. 2088) ("[W]e note that the district judge limited any prejudice that might result from admission of other crime evidence by instructing the jury to consider the evidence separately as to each count).

Rodríguez also tethers the motion for severance to Nazario's criminal history, asserting that the jury will find her "guilt[y] by association."  (Docket No. 164 at p. 4.)  On February 1, 2019, a grand jury returned a thirty-seven-count superseding indictment charging Nazario with using a false writing or document in

violation of 18 U.S.C. section 1001(a)(3) (counts one through thirty), and wire fraud in violation of 18 U.S.C. section 1343 (counts thirty-one through thirty-seven). Case No. 18-574 (JNL), Docket No. 58. Essentially, Nazario required municipal employees to "work two (2) voluntary hours per day." Id. at p. 2. After a twelve-day trial, the jury returned a mixed verdict. (Docket No. 221.) The Court imposed a concurrent sentence of eighteen months imprisonment as to each count of conviction. (Docket No. 290 at p. 3.) News outlets featured Nazario throughout the litigation. (Docket No. 164 at p. 2.)

According to Rodríguez, "Nazario's prior conviction" will "have a spillover effect in the instant case that may confuse the jury." Case No. 19-710, Docket No. 164 at p. 2. She anticipates that the "government will attempt to strengthen its case in chief by the use of prior bad act evidence as to [Nazario]." Id. at p. 7. Rodríguez's argument is premature and based on speculation. The United States has not moved to admit, and the Court has made no ruling regarding the admissibility of, any evidence of Nazario's bad acts.

The Court will not grant a severance based on the speculative assertion that the United States will introduce evidence of prior

bad acts, the admissibility of which is not a foregone conclusion.[3] Consequently, the motion for severance is **DENIED WITHOUT PREJUDICE**. See United States v. Day, Case No. 15-143, 2016 U.S. Dist. LEXIS 30252, at *6 (D. Me. Mar. 8, 2016) (denying motion for severance in part because the "Government represent[ed] that it is unaware of any Rule 404(b) evidence regarding other crimes that it will seek to introduce as to defendants Stolkner or Green"); United States v. Mullen, 243 F.R.D. 54, 75 (W.D.N.Y. 2006) ("The Court will be in a better position to weigh the probative value [of 404(b) evidence . . . [T]he court will either require the Government to forgo introduction of the evidence at the joint trial or the court will permit its use in a severed trial as to Defendant Adams.").

**III. The Motion to Compel Disclosure of Co-Conspirator Statements**

Rodríguez and Martes move the Court to compel the United States to disclose statements by any indicted or unindicted coconspirator, and "confessions by any of the named defendants in this case." (Docket No. 168 at p. 2.)[4]

---

[3] The Court emphasizes that prejudice, in and of itself, is not a basis for severance. United States v. Rose, 914 F. Supp. 2d 15, 36 (D. Mass. 2012) ("'Garden-variety evidentiary spillover common to any joint trial' is not a basis to sever trials.") A defendant seeking severance must make "a strong showing of evident prejudice." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993).

[4] The Court granted Martes' motion to join Rodríguez's motion to compel. (Docket No. 189.)

Federal Rule of Criminal Procedure 16 ("Rule 16") governs discovery in criminal actions.  Fed. R. Crim. P. 16; see James Cissell, Federal Criminal Trials § 7-7 (2021 ed.) ("Rule 16 of the Federal Rules of Criminal Procedure is the basic, and in most cases, the exclusive discovery tool that can be utilized by a defendant").  "[T]here is no general constitutional right to discovery in a criminal case."  Weatherford v. Bursey, 429 U.S. 545, 559 (1977); see Kaley v. United States, 571 U.S. 320, 335 (2014).  Moreover, Rule 16 generally precludes "the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [the Jencks Act]."  Fed. R. Crim. 16(a)(2).

The Supreme Court has also held that due process of law demands the disclosure of exculpatory and impeachment evidence. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that the United States must disclose exculpatory evidence that "is either material to guilt or to punishment"); Giglio v. United States, 405 U.S. 150, 154 (1972) (holding that the United States must disclose impeachment material when "the reliability of a given witness may well be determinative of guilt or innocence.")

The United States maintains that "all preindictment statements of [Rodríguez] and [the] codefendants, relative to this case, have been provided to all defendants."  (Docket No. 202 at p. 2.)  Consequently, her request concerning disclosure of

incriminating statements is **MOOT**.  The request for statements by indicted and unindicted conspirators is overly broad, falling beyond the scope of the United States' discovery obligations.  See, e.g., United States v. Place, No. 09-10152, 2010 U.S. Dist. LEXIS 145192, at *2 (D. Mass. May 24, 2010) (noting that Rule 16 "does not encompass statements made by coconspirators (i.e., not by the defendant) that, under Federal Rule of Evidence 801(d)(2)(E) are not hearsay and thus admissible against the defendant"); United States v. Panzardi-Álvarez, 646 F. Supp. 1158, 1161 (D.P.R. 1986) (holding that "statements made by coconspirators [and] Government witnesses" "exceed the scope of Rule 16") (Fusté, J.).

The Court is confident that the United Sates is aware of its duty to disclose impeachment or exculpatory information in a timely manner, and of the consequences of failing to do so.  Thus, the motion for all statements by indicted and unindicted coconspirators is **DENIED**.

**IV. Conclusion**

For the reasons set forth above, Rodríguez's motion for severance is **DENIED WIHTOUT PREJUDICE**.  (Docket No. 164.)  Martes and Rodríguez's motion to compel the disclosure of statements by

indicted and unindicted coconspirators is also **DENIED**.  (Docket No. 168.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 12, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA